# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**TIMOTHY G. ZANE WATKINS,** )
)
        Petitioner, )
)
v. ) **Case No. CIV 05-098-RAW-KEW**
)
**RON WARD,** )
)
        Respondent. )

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, attacking his conviction in Seminole County District Court Case Number CF-2004-114 for Larceny of an Automobile. He sets forth the following grounds for relief:

  I.    Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge, because he was not told that the State carried the burden of proof.

  II.    Petitioner's plea was unlawfully induced, because there was no factual basis or evidence in the record to allow him to plead guilty to Larceny of an Automobile.

  III.    Trial counsel was ineffective in failing to advise petitioner that the State carried the burden of proving petitioner took the vehicle with the criminal intent to make it his own.

The respondent has submitted the following records to the court for consideration in this matter:

  A.    Order Denying Post-Conviction Relief. *State v. Watkins*, No. CF-04-114 (Seminole County Dist. Ct. Sept. 15, 2004).

  B.    Petitioner's petition in error in his appeal of the denial of post-

conviction relief.

    C.    Order Affirming Denial of Post-Conviction Relief. *Watkins v. State*, No. PC-2004-1045 (Okla. Crim. App. Dec. 17, 2004).

    D.    Petitioner's written Plea of Guilty and Summary of Facts in CF-2004-114.

    E.    Felony Information in CF-2004-114.

    F.    Probable Cause Affidavit for Arrest Without Warrant in CF-2004-114.

## **Grounds I and III**

Petitioner alleges in Ground I that his plea was not voluntary, because he was not advised that the State carried the burden of proving two elements of his crime:

(1) The criminal intent to steal the vehicle, and

(2) The state of mind not only to steal the vehicle, but to steal it with the intent of never returning it to the owner and of making it petitioner's own vehicle.

The respondent alleges this issue has not been presented to the state courts, so it is unexhausted. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). When faced with a habeas petition that contains an unexhausted claim, however, a federal court may choose to deny the petition on the merits, rather than dismissing it for failure to exhaust. 28 U.S.C. § 2254(b)(2); *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002); *see also Fields v. Gibson*, 277 F.3d 1203, 1217-18 (10th Cir.), *cert. denied*, 537 U.S. 1023 (2002) (stating that the court need not review the district court's finding of procedural bar, because it easily could that the claim fails on the merits). Here, the court must consider the voluntariness of petitioner's plea in order to address petitioner's claim of ineffective assistance of counsel in Ground III.

In *Henderson v. Morgan*, 426 U.S. 637 (1976), the Supreme Court vacated a conviction on the grounds the plea of guilty was not knowing and voluntary, because there was no evidence the defendant understood the intent element of the crime with which he was charged.

> In order to establish an involuntary plea under *Henderson*, we require a petitioner to: "(1) show that the [intent] element was a critical element of [the charge]; (2) overcome the presumption that his attorney explained this element to him at some other time prior to his guilty plea; and (3) demonstrate that, prior to his guilty plea, he did not receive notice of this element from any other source." *Miller v. Champion*, 161 F.3d 1249, 1255 (10th Cir. 1998); *Henderson* at 647. As to the second requirement, we will not indulge the presumption unless there is factual basis in the record to support it. *Id.*

*Allen v. Mullin*, 368 F.3d 1220, 1241 (10th Cir. 2004), *cert. denied*, 543 U.S. 1156 (2005). The respondent agrees that intent is a critical element of the offense, but maintains petitioner cannot overcome the presumption that counsel informed him of the intent element or demonstrate he did not receive notice of the intent element from another source.

The record shows that on June 10, 2004, petitioner signed a Summary of Facts in Case No. CF-04-114. [Docket #8, Exhibit 4]. Petitioner indicated on the first page of the document that he had received and read a copy of the Information and its allegations. [Docket #8, Exhibit 4 at 1]. The Information alleged that petitioner stole a deputy sheriff's patrol car "with the unlawful and felonious intent then and there . . . to convert the same to his own use and benefit and to deprive the owner thereof permanently." [Docket #8, Exhibit 5 at 1]. The Tenth Circuit Court of Appeals has recognized that an Information can be sufficient to provide a petitioner with notice of the elements of an offense. *Miller*, 161 F.3d at 1256. Because petitioner admitted he read a copy of the allegations in the Information, which clearly stated the intent element of the offense, he cannot demonstrate he did not

3

receive notice of the intent element. In addition, the state district court noted in its Order Denying Post-Conviction Relief:

> Defendant's statement [on page 5 of the Summary of Facts form] that he "stole" the vehicle incorporates the idea of taking without the consent of the owner for one's own purposes. The fact that the defendant ran the vehicle into a ditch a relatively short distance from the place of taking does not negate the fact of the taking.

*State v. Watkins*, No. CF-04-114, slip op. (Seminole County Dist. Ct. Sept. 15, 2004), *aff'd*, No. PC-2004-1045 (Okla. Crim. App. Dec. 17, 2004). [Docket #8, Exhibits 1 and 3].

After careful review, the court, therefore, finds that petitioner did receive notice of the intent element, and he has not overcome the presumption that counsel informed him of the intent element. Therefore, the court finds petitioner's plea was voluntary, and Ground I of this petition fails.

In a related claim, petitioner alleges in Ground III that counsel was ineffective in failing to advise him of the intent element of the crime. "There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

> To establish an ineffective assistance claim, a [petitioner] must demonstrate both that his attorney's representation was deficient and that the attorney's substandard performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this instance, deficient performance requires a showing that counsel gave advice that was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quotation omitted). For prejudice, [petitioner] must demonstrate there is a "reasonable probability, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

*Rodgers v. Wyoming Attorney Gen.*, 205 F.3d 1201, 1206 (10th Cir. 2000), *overruled on other grounds as recognized by Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001).

As set forth above, petitioner's plea was voluntary, because he acknowledged he was advised of the intent element of the crime. Furthermore, petitioner indicated in the Summary of Facts form that he believed his attorney had effectively assisted him in the case, and he was satisfied with counsel's advice. [Docket #8, Exhibit 4 at 3]. Even if petitioner could show that counsel's performance was deficient, he has not shown he was prejudiced. *See Strickland*, 466 U.S. at 687. To demonstrate prejudice there must be a reasonable probability that, if not for counsel's alleged failure to inform him of the intent element, he would have insisted on going to trial. *See Miller*, 161 F.3d at 1256. A petitioner's mere allegation that he would not have entered a guilty plea is insufficient. *Id.* Instead, petitioner must show the outcome of the proceedings likely would have changed, if not for counsel's alleged ineffectiveness. *Id.* at 1256-57. Therefore, the habeas court must determine whether, if petitioner had gone to trial, a jury would have acquitted him. *Id.* at 1257.

The elements of Larceny of an Automobile are (1) trespassory, (2) taking, (3) carrying away, (4) an automobile, (5) of another, (6) with intent to steal. OUJI Cr. 5-100; Okla. Stat. tit. 21, § 1720. Petitioner admits in his petition that he took the patrol car and drove it until it got stuck in a ditch. [Docket #2 at 4-5]. Petitioner, however, maintains he did not intend to steal the car. Intent to steal is defined as the purpose to forever deny the person in rightful possession of the use or value of the property. OUJI Cr. 5-106. Intent can be inferred when there is sufficient evidence to support the inference. *Wagoner v. State*, 617 P.2d 895, 897 (Okla. Crim. App. 1980).

On the evening in question, Officer Charles Miller was dispatched to a bar, because

5

a man named Willie Livesay was trying to fight. [Docket #8, Exhibit 6 (Probable Cause Affidavit)]. When Officer Miller arrived at the bar, petitioner was pushing Mr. Livesay out of the bar. *Id.* Mr. Livesay ran away, and Officer Miller ran after him. *Id.* While Officer Miller's patrol car was unattended, petitioner drove away in it. *Id.* Petitioner admits he left the car on the side of the road when it got stuck. The court finds there was sufficient evidence from which a jury could have concluded that petitioner intended to steal the car. Therefore, if petitioner had proceeded to trial, acquittal was not likely, and his counsel was not ineffective.

Petitioner also claims he was "too intoxicated to know what he did" when he went "joy riding" in the car [Docket #13 at 2]. "A defense of voluntary intoxication requires that a defendant, first, be intoxicated and, second, be so utterly intoxicated, that his mental powers are overcome, rendering it impossible for a defendant to form the specific criminal intent or special mental element of the crime." *Jackson v. State*, 964 P.2d 875, 892 (Okla. Crim. App.,1998) (citing OUJI Cr. 8-36 & 8-39), *cert. denied*, 526 U.S. 1008 (1999).

When Officer Miller arrived at the bar, petitioner was trying to get Mr. Livesay to leave, because Livesay had had too much to drink and was try to fight with the owner of the bar. [Docket #8, Exhibit 6]. Petitioner's actions in trying to prevent a fight and get Mr. Livesay to leave show petitioner was not so intoxicated his mental abilities were completely overcome. Petitioner also claims he could not remember stealing the car, but he called the sheriff's office to turn himself in approximately six hours after the theft. *Id.* Petitioner could not have known to turn himself in, or to ask whether he had stolen a car, if he had no memory of the incident. Again, petitioner has failed to show that he most likely would have been acquitted, if he had gone to trial with a voluntary intoxication defense. Therefore, Ground

6

III of this petition also must fail.

**<u>Ground II</u>**

Petitioner alleges in Ground II that there was not a factual basis for his guilty plea, and he was unlawfully induced to enter the plea, in violation of Fed. R. Crim. P. 11. Initially, petitioner was convicted in state court under state law, so the Federal Rules of Criminal Procedure do not apply. *See California v. Alcorcha*, 86 S.Ct. 1359 (1966) (holding the Federal Rules of Criminal Procedure apply only to criminal cases arising in the federal courts).

As for the factual basis of the plea, the respondent correctly alleges petitioner has not stated a claim for relief under federal law. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). A claim that the trial court erred in accepting a guilty plea without establishing a factual basis for the plea does not state a federal constitutional claim. *Sena v. Romero*, 617 F.2d 579, 581 (10th Cir. 1980). Ground II of the petition is meritless.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and

legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

    **DATED** this 15th day of November 2007.

                                    **KIMBERLY E. WEST**
                                    **UNITED STATES MAGISTRATE JUDGE**